**Paula BALK, Plaintiff,**

v.

**Patrick S. DUNLAP, M.D., Defendant.**

Civ. A. No. 95–2080–GTV.

United States District Court,
D. Kansas.

Sept. 5, 1995.

Michael E. Callen, Boddington & Brown, Chtd., Kansas City, KS, William H. Pickett, William H. Pickett, P.C., Kansas City, MO, for Paula Balk.

M. Warren McCamish, Williamson & Cubbison, Kansas City, KS, for Patrick S. Dunlap, M.D.

Cynthia J. Sheppeard, Heck, Hendrix, Wright & Sheppeard, Topeka, KS, for Mercy Hosp.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The court has before it the Objections to and Motion to Modify Subpoena Issued to

Mercy Hospital of Fort Scott, Kansas (doc. 10). Pursuant to Fed.R.Civ.P. 45(c)(2)(B) and 45(c)(3)(A), Mercy Hospital (Mercy) as a non-party thereby seeks to avoid production of its cautery machines and related documents and "all original minutes of the OB/GYN staff for 1990 to the present time." In response plaintiff states it has completed its inspection of the physical equipment and related materials. The objections and motion, consequently, are moot in part. Plaintiff opposes, however, the objections and motion with respect to the staff minutes.

■ In its objections Mercy identifies responsive documents to be OB/GYN Department Medical Staff Meeting Minutes. It describes these as notes of the discussions which occur during monthly meetings of its OB/GYN medical staff about the following matters: quality of care; potential problems with patient care; review of the care provided by each of the members of the department; compliance with the standard of care required of its members; peer review; quality assurance; and risk management. The objections also state the minutes are prepared approximately monthly, coinciding with each meeting, by the current medical staff secretary for the members of the department for their corporate review. They also state the minutes are prepared and maintained as part of the requirements and procedures for peer review and risk management imposed upon Mercy as a hospital by K.S.A. 65–4915, 65–4922, 65–4923, and 65–4925.

K.S.A. 65–4915(b) protects peer review documents from discovery and subpoena as follows:

Except as provided by K.S.A. 60–437 and amendments thereto and by subsections (c) and (d), the reports, statements, memoranda, proceedings, findings and other records of peer review committees or officers shall be privileged and shall not be subject to discovery, subpoena or other means of legal compulsion for their release to any person or entity or be admissible in evidence in any judicial or administrative proceeding. Information contained in such records shall not be discoverable or admissible at trial in the form of testimony by an individual who participated in the peer review process. This privilege may be claimed by the legal entity creating the peer review committee or officer, or by the commissioner of insurance for any records or proceedings of the board of governors.

K.S.A. 65–4915(a)(3) defines "peer review" as follows:

"Peer review" means any of the following functions:

(A) Evaluate and improve the quality of health care services rendered by health care providers;

(B) determine that health services rendered were professionally indicated or were performed in compliance with the applicable standard of care;

(C) determine that the cost of health care rendered was considered reasonable by the providers of professional health services in this area;

(D) evaluate the qualifications, competence and performance of the providers of health care or to act upon matters relating to the discipline of any individual provider of health care;

(E) reduce morbidity or mortality;

(F) establish and enforce guidelines designed to keep within reasonable bounds the cost of health care;

(G) conduct of research;

(H) determine if a hospital's facilities are being properly utilized;

(I) supervise, discipline, admit, determine privileges or control members of a hospital's medical staff;

(J) review the professional qualifications or activities of health care providers;

(K) evaluate the quantity, quality and timeliness of health care services rendered to patients in the facility;

(L) evaluate, review or improve methods, procedures or treatments being utilized by the medical care facility or by health care providers in a facility rendering health care.

K.S.A. 65–4925 similarly protects risk management reports and records from discovery and subpoena:

**Reports, records and proceedings confidential and privileged.** (a) The reports and records made pursuant to K.S.A. 65–4923 or 65–4924, and amendments thereto, shall be confidential and privileged, including:

(1) Reports and records of executive or review committees of medical care facilities or of a professional society or organization;

(2) reports and records of the chief of the medical staff, chief administrative officer or risk manager of a medical care facility;

(3) reports and records of any state licensing agency or impaired provider committee of a professional society or organization; and

(4) reports made pursuant to this act to or by a medical care facility risk manager, any committee, the board of directors, administrative officer or any consultant.

Such reports and records shall not be subject to discovery, subpoena or other means of legal compulsion for their release to any person or entity and shall not be admissible in any civil or administrative action other than a disciplinary proceeding by the appropriate state licensing agency.

(b) No person in attendance at any meeting of an executive or review committee of a medical care facility or of a professional society or organization while such committee is engaged in the duties imposed by K.S.A. 65–4923 shall be compelled to testify in any civil, criminal or administrative action, other than a disciplinary proceeding by the appropriate licensing agency, as to any committee discussions or proceedings.

(c) No person in attendance at any meeting of an impaired provider committee shall be required to testify, nor shall the testimony of such person be admitted into evidence, in any civil, criminal or administrative action, other than a disciplinary proceeding by the appropriate state licensing agency, as to any committee discussions or proceedings.

(d) Any person or committee performing any duty pursuant to this act shall be designated a peer review committee or officer pursuant to K.S.A. 65–4915 and amendments thereto.

K.S.A. 65–4922(a)(3) sets out the duties of a hospital with respect to risk management:

(3) a reporting system based upon the duty of all health care providers staffing the facility and all agents and employees of the facility directly involved in the delivery of health care services to report reportable incidents to the chief of the medical staff, chief administrative officer or risk manager of the facility.

■ Plaintiff opposes the objections and motion primarily upon the grounds that Mercy has not adequately supported its claim of privilege for the staff minutes. More specifically it contends that Mercy must provide additional, detailed information about each document which constitutes a part of the minutes. In support of its argument it cites *Hill v. Sandhu,* 129 F.R.D. 548 (D.Kan.1990) and *Bennett v. Fieser,* No. 93–1004–MLB, 1994 WL 542089 (D.Kan. Feb. 25, 1994).

The Federal Rules of Civil Procedure set forth general principles for discovery. Fed. R.Civ.P. 45(c)(3)(A) provides in pertinent part as follows:

**(3)(A)** On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

. . . . .

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. . . .

Sub-subsection (d)(2) of Rule 45 prescribes what must be done to substantiate the claim of privilege:

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

The court has no disagreement with the cases cited by plaintiff. It finds their facts materially different, however, from those presented by the objections and motion here.

*Fieser* involved a subpoena for the residency records of a doctor, not departmental staff minutes of a hospital. The two do not equate. The designation departmental staff minutes generically suggests the kind of documents which the statutes purport to protect against subpoena and discovery. They more readily qualify for protection upon the kind of generic description and information which Mercy has provided in this case, without a more detailed summary of each page of the minutes. Residency records, on the other hand, relate primarily to the history of a doctor. Ordinarily they would not qualify as documents prepared either for peer review or risk management. Someone claiming those privileges for them, consequently, should qualify each particular page or other integral part of such records.

As a related distinction, *Fieser* recognizes that the peer review and risk management privileges generally apply only to documents generated by or which reflect the work of the committees which generate the protected information. This would include minutes of the committee(s). The privileges do not extend to documents provided to the committee, such as residency records of a doctor. One claiming the privilege for residency records, therefore, should provide in more detail the information which *Fieser* describes by category.

In *Fieser,* moreover, the respondent medical center had done no more than "make a blanket claim that the documents requested are privileged." Apparently this involved only the conclusionary assertion of a privilege. Plaintiff contends that Mercy has done nothing more than that in this case. The court finds otherwise. Mercy has specifically addressed all seven categories of the information required by *Fieser.* It has provided a brief description or summary of the contents of the minutes. Although it has not stated the date of each set of minutes or the name of the person who prepared them, it has stated they were prepared approximately monthly, coinciding with each staff meeting. Mercy has also stated to whom the minutes were directed, their purpose, and the specific privileges claimed. Its statement of how the privilege applies suffices in view of the other information it has provided.

The court has often ordered the kind of detailed information which *Fieser* enumerates to support claims of privilege. It will probably continue to do so when necessary to substantiate a privilege for documents; although Rule 45(d)(2) does not specifically prescribe such detail. The rule more simply requires a claim of privilege to made expressly and supported by a description "sufficient to enable the demanding party to contest the claim." The court will exercise its discretion to apply the rule and the principles of *Fieser* reasonably and consistent with the mandate of Rule 1 "to secure the just, speedy, and inexpensive determination of every action." To regard *Fieser* as so rigid and inflexible as to require additional recitals for each page of minutes in this instance would serve little if any purpose. The court finds Mercy has adequately qualified the original minutes of the OB/GYN staff for protection under the cited Kansas statutes, relating to peer review and risk management.

In summary, the court sustains in part the Objections to and Motion to Modify Subpoena Issued to Mercy Hospital of Fort Scott, Kansas (doc. 10). It orders deleted from the subpoenas served June 12, 1995, upon Susan Barrett, CEO and Pat Calanan, Risk Manager for Mercy Hospital, the direction to produce any and all original minutes of the OB/GYN staff for 1990 to the present time. It finds the remainder of the motion moot.

IT IS SO ORDERED.